Joseph C. Cerullo, Respondent, v. Aetna Casualty and Surety Company et al., Appellants.

Fourth Department, February 16, 1973.

*Hodgson, Russ, Andrews, Woods & Goodyear (Hugh McM. Russ, Jr., of counsel), for appellants.*

*Offermann, Fallon, Mahoney & Adner (Francis J. Offerman, Jr., of counsel), for respondent.*

GOLDMAN, P. J. Defendants appeal from each and every part of Special Term's order, except that part which permits appellants to serve an amended answer containing a defense of fraud and false swearing by plaintiff-respondent Joseph C. Cerullo in connection with an alleged false proof of loss. This appeal primarily concerns Special Term's denial of summary judgment and the denial of appellants' motion to amend their answer, except as to the issue of fraud. A rather detailed narration of the facts is essential to a discussion of the legal effects of the various transactions.

The events giving rise to this litigation began in March, 1967 when the two Cerullo brothers, hereinafter referred to as Joseph and Emil, contracted to sell property in the Village of Depew in Erie County to Emil's son, hereinafter referred to as John. The land contract provided that the property would be conveyed after John discharged certain obligations. In order to protect their interests as contract vendors and vendee, the Cerullos obtained fire insurance on the premises whereby the defendants-appellants, eight insurance companies, issued 10 policies covering a building consisting of a restaurant and 32 bowling alleys known as Fairlanes.

A fire occurred on May 11, 1970 at which time there were two mortgages on the premises, one held by Erie County Savings Bank and the other by Liberty National Bank. Eight of the policies contained mortgagee clauses listing the two banks, and the other two policies had loss-payee clauses naming American Machine & Foundry, Bowling Products Group (AMF) as the loss-payee, " as interest may appear ".

On July 30, 1970, John and Emil agreed with Joseph that, in return for their discharging the bank mortgages and any obligation to AMF, together with obtaining a release of Joseph from any guarantee to AMF, Joseph would not claim any additional portion of the insurance proceeds over and above the mortgagee

payments. This agreement also provided that if litigation were necessary, it would be controlled exclusively by John.

Proofs of loss were filed in August, 1970. Legal proceedings were commenced against the appellants by the Cerullos in November, 1970. The appellants' answer consisted of specific denials and certain affirmative defenses raised against John only, to wit, fraudulent proof of loss, increase of hazard, neglect to care for the premises and incendiarism. Trial commenced in March, 1971, but a mistrial was declared and the trial has not resumed. In January, 1972, John and Emil agreed to settle their action against the appellants and, on April 20, 1972, executed releases and stipulations of discontinuance. After Emil and John had withdrawn as plaintiffs, appellants in May, 1972 sought to amend their answer by striking the affirmative defenses in the original answer, with the exception of fraudulent proof of loss, and by setting up counterclaims in the amounts of liens and mortgages; alleging as an affirmative defense that respondent Joseph had no interest in the action; and alleging by way of counterclaim that he was committing an intentional tort in continuing to prosecute the action. On June 19, 1972 Special Term denied the respondent Joseph's and the appellants' motions for summary judgment and granted appellants' motion to set up the affirmative defense of false proof of loss against respondent Joseph. This decision was reflected in an order dated July 21, 1972. Controversy arose as to the scope of the permitted amendment. The order of July 21, 1972 was resettled by an order entered August 31, 1972 which denied the parties' motions for summary judgment and limited the amendment of appellants' answer to an affirmative defense of alleged proof of loss as to the respondent Joseph.

The determination of this appeal turns upon two issues: the effect of the agreement as between Joseph and the appellants and secondly, the result of the payments made by appellants to the mortgagees and the loss-payee as between Joseph and defendants.

The rights under a fire insurance policy, both as to amount of and eligibility for recovery, are fixed as of the time of the fire loss (*Whitestone Sav. & Loan Assn.* v. *Allstate Ins. Co.*, 28 N Y 2d 332, 334). Appellants look to an agreement entered into subsequent to the fire loss as a basis for denying liability to Joseph. Their reliance on this agreement is misplaced.

The appellants allege in their proposed answer that by the agreement of July 30, 1970, Joseph divested himself of any interest in the collection of the proceeds of any action over and above

the amount of the bank mortgages and the lien of AMF and also, in the alternative, that appellants, as third-party beneficiaries, are entitled to enforce that agreement. This position is untenable. A third-party beneficiary cannot enforce a contract in his favor unless the contract clearly expresses an intention to benefit that third party (*Beveridge* v. *New York El. R.R. Co.*, 112 N. Y. 1, 26; *Hayes* v. *Niagara Mohawk Power Corp.*, 35 A D 2d 1072, affd. without opn. 30 N Y 2d 579; *Ramos* v. *Shumavon*, 21 A D 2d 4, affd. 15 N Y 2d 610; *Santora* v. *Greater New York Mut. Ins. Co.*, 36 A D 2d 929; *Resinol* v. *Valentine Dolls*, 14 A D 2d 853; *Hylte Bruks Aktiebolag* v. *Babcock & Wilcox Co.*, 399 F. 2d 289 [C.A. 2d, 1968]; 10 N. Y. Jur., Contracts, § 239, pp. 160–162). There is no expression of such an intent in the July 30 agreement. Appellants concede that they are strangers to the contract and not third-party beneficiaries. Surely, this negates their claim to enforce the contract against Joseph. Special Term correctly denied appellants' motion to amend so that they might plead an affirmative defense based upon the agreement.

Appellants urge that they should be permitted to amend their answer to plead counterclaims for the amounts paid to the mortgagee banks and to AMF. Once they have established Joseph's alleged fraud, they assert that they should be subrogated for the amounts paid to the banks and to AMF. It is clear that proof of Joseph's fraud would vitiate the fire insurance policies (Insurance Law, § 168, subd. 6, second page, lines 1–6). In that event, appellants would then be subrogated to the extent of payments made to the mortgagees, and would "be subrogated to all the mortgagee's rights of recovery, but without impairing mortgagee's right to sue; or it may pay off the mortgage debt and require an assignment thereof" (Insurance Law, § 168, subd. 6, second page, lines 78–83). Accordingly, appellants should be permitted to amend their answer to provide for counterclaims based upon the payments made to the mortgagees and the loss-payee, in order to preclude duplication of payments.

The situation becomes more complicated when we consider the request to interpose a counterclaim for the amount paid the loss-payee in the event appellants are released from liability to Joseph. However, as to AMF, the loss-payee, appellants do not have any right of subrogation, because the loss-payee clause provides payment to AMF as "interest may appear". Such language, absent a subrogation clause, precludes the insurance company from being reimbursed from the insured debtor by way of subrogation, because such language effectuates a payment *pro tanto* of the debt (*Fields* v. *Western Millers Mut. Fire Ins.*

*Co.*, 290 N. Y. 209, 212–213; *Andrello* v. *Nationwide Mut. Fire Ins. Co.*, 29 A D 2d 489, 493). Therefore, it does not appear from the record that appellants have any right of subrogation against Joseph for payments made to the loss-payee, should it be determined that the appellants were, subsequent to the fire, released from liability to Joseph.

The order should be modified, insofar as it denies appellants' motion to amend their answer to plead partial payment to the extent payments were made to the mortgagees and the loss-payee, and to assert a counterclaim for the amounts paid to the mortgagees, as subrogees, if it should be proved that appellants are released from liability to Joseph, and as modified affirmed.

DEL VECCHIO, WITMER, CARDAMONE and SIMONS, JJ., concur.

Order unanimously modified in accordance with opinion and as so modified affirmed, without costs.