■ JOHN B. CASALE, JR., Respondent-Appellant, v EAST RIVER TOWERS COMPANY et al., Appellants-Respondents.—Order, Supreme Court, New York County (Ascione, J.), entered November 30, 1984, which denied defendants' motion for summary judgment, denied plaintiff's motion for a preliminary injunction, granted plaintiff's cross motion for partial summary judgment, directed a trial on the issue of the fair and proper allocation of shares to the office space leased by plaintiff at 1725 York Avenue in Manhattan, and directed that defendants offer to plaintiff the right to purchase the shares of the cooperative corporation allocated to the subject office space for the insider's price of $170.20 per share, less any credits owing to plaintiff under paragraph 22 of his lease, modified, on the law, plaintiff's cross motion for partial summary judgment denied in its entirety, and as modified, affirmed, without costs.

Order of the same court, entered March 19, 1985, which denied plaintiff's motion to modify the order entered November 30, 1984, and denied defendant's cross motion for leave to renew and reargue the prior motion for summary judgment, affirmed, without costs.

Plaintiff's motion for an order amending the record on appeal is granted, without costs.

The key to summary judgment is issue finding, rather than issue determination. It is a drastic remedy, and should not be lightly granted. *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404 [1957].) We believe Special Term improvidently granted partial summary judgment to plaintiff, since the critical contractual language raises a question as to the true intention of the parties. Paragraph 22 of rider II to plaintiff's lease provides in relevant part: "Landlord agrees that if the building of which the demises *[sic]* premises forms

a part is converted either to a condominium or a cooperative, then Landlord shall offer the Tenant the right to purchase the demised premises *for the sum offered in the offering memorandum"* (emphasis added).

The record indicates that the sponsor, defendant East River Towers Company, filed first an eviction offering plan, then a first amendment and a restated, noneviction offering plan, each of which contained a different insider's (tenant) and outsider's (nontenant) purchase price. A triable issue of fact is presented as to which of the offering memoranda, and which of the sums contained therein, the parties intended to be applicable. We cannot agree with Special Term that the parties could only reasonably have contemplated the price available to residential tenants under paragraph 22 of the lease. Plaintiff was the sole commercial lessee in the building and, but for the quoted lease provision, had no right to purchase under rent control or rent stabilization laws. Moreover, the ambiguities in the terms of the quoted lease provision were drafted by the plaintiff's representative. Finally, plaintiff's cross appeal raises an issue of fact as to which of the sums set forth in the offering memoranda applies. Therein, Dr. Casale challenges Special Term's refusal to modify its order to hold that he is entitled to purchase at the lower insider price of the short-lived eviction offering plan rather than at the one set forth in the later noneviction plan. Concur—Sullivan, J. P., Carro, Asch, Kassal and Rosenberger, JJ.