■ F.G.F. ENTERPRISES CORP. et al., Respondents, v CROWN WISTERIA, INC., Appellant.—Order of the Supreme Court, New York County (Edith Miller, J.), entered July 30, 1986, which awarded plaintiffs summary judgment permanently enjoining defendant from constructing an addition above grade and in the rear of the premises at 118 East 78th Street, and directing the removal of any such existing structure, and which denied defendant's cross motion for summary judgment dismissing the complaint and vacating a temporary restraining order, is unanimously modified, on the law, to the extent of vacating the award of summary judgment, granting plaintiffs a preliminary injunction on condition that a $10,000 bond be posted within five days of service of a copy of the order entered herewith, and striking the requirement that defendant remove existing structures, and is otherwise affirmed, without costs.

Plaintiffs F.G.F. Enterprises Corp. (F.G.F.) and its principal, Harold Reed, commenced this action to enforce a restrictive covenant in a deed dated May 5, 1975, by which F.G.F. conveyed the premises at 118 East 78th Street to defendant

Crown Wisteria, Inc. At the time of the conveyance, F.G.F. also owned, and continues to own, the adjacent townhouse, 120 East 78th Street, in which Reed and his wife, Marjorie, lived. In order to preserve the view from the Reeds' townhouse of a picturesque 55-foot garden situated at the rear of 118 East 78th Street, the deed contained a restriction on any construction, without plaintiffs' prior approval, above grade and at the rear of the latter property. The restriction was to continue so long as 120 East 78th Street was "occupied by Harold Reed and Marjorie Reed."

Some time in 1976, Marjorie Reed moved from the premises, and has since been divorced from Harold Reed. It is undisputed that she has no intention of returning to the marital townhouse. Harold Reed, who leases the premises from F.G.F. through his wholly owned corporation, Harold Reed Gallery, Ltd., sublet the townhouse on March 12, 1984 to Dunstan, Ltd. for a term ending on May 24, 1989.

On or about May 9, 1986, defendant commenced, without prior approval, the construction of an addition to the rear of its premises. Plaintiffs then brought this action for a permanent injunction and money damages. The primary issue in this litigation concerns the intent of the parties in drafting the restrictive covenant. Defendant argues that in using the language "occupied by Harold * * * and Marjorie Reed" in the restrictive covenant, the parties intended to denote actual physical presence, and not merely ownership or leasehold interest. Defendant further asserts that the use of the conjunctive "and" in the phrase, rather than the disjunctive "or", forms a requirement that both Harold and Marjorie Reed physically occupy the townhouse for the restrictive covenant to remain in effect.

While we note that the use of the disjunctive "or" in analogous portions of the deed would indicate that the conjunctive "and" was a typographical error, we find, with respect to the use of the term "occupied", that there exists an issue of fact as to the parties' intent. As we recently held in *Casale v East Riv. Towers Co.* (117 AD2d 554), summary judgment should not be granted where "critical contractual language raises a question as to the true intention of the parties."

We therefore conclude that it was error to award the plaintiffs summary judgment, and accordingly modify the order. Concur—Kupferman, J. P., Ross, Carro, Rosenberger and Ellerin, JJ.