■ Lep Transport, Inc., Appellant-Respondent, v Renaissance International Textiles, Ltd., Respondent-Appellant, and Sidney S. Allen, Appellant-Respondent.—Order of the Supreme Court, New York County (Irving Kirschenbaum, J.), entered on or about July 29, 1986, which, *inter alia,* granted the motions by plaintiff Lep Transport, Inc. and additional defendant Sidney S. Allen to dismiss the first, third and fourth counterclaims contained in the amended answer of defendant Renaissance International Textiles, Ltd., is unanimously modified on the law to the extent of also granting the motions to dismiss the second counterclaim and dismissing the complaint against additional defendant Allen, and otherwise affirmed, with costs to Allen by defendant Renaissance International Textiles, Ltd.

This is an action by plaintiff Lep Transport, Inc., a freight forwarder-Customs broker to recover the sum of $32,269.96, allegedly owed by its client, defendant Renaissance International Textiles, Ltd., as advances for certain air freight charges and Customs duties. In that connection, it appears that in the course of the business dealings between the parties, plaintiff experienced increasing difficulties in obtaining payment and ultimately refused to advance any further sums of money, except as to imports already cleared through Customs and for which Lep was liable for duty. When Renaissance failed to remit payment for its accrued indebtedness, the instant lawsuit ensued. Thereafter, by letter dated March 4, 1985, but postmarked on March 6, 1985, the date of the service of the summons and complaint, Renaissance's president, D. Charles Schlang, agreed to pay $13,471.16 by the week of March 18th and the balance by the end of March.

No payment was forthcoming, and plaintiff and its attorney, Sidney S. Allen, then purportedly attempted unsuccessfully to settle the matter by telephone. On March 25, 1985, the day before the time to answer the complaint was to expire, Renaissance's counsel, Donald A. Derfner, finally contacted Allen. According to plaintiff, Derfner stated that Renaissance promised to meet its obligations to Lep, wanting only to "memorialize" the arrangement in writing. Renaissance, on the other hand, claims that the parties had agreed to resolve the dispute without recourse to litigation, with Renaissance to pay $13,471.16 upon execution of a settlement agreement and the balance to follow upon verification of Lep's claims. At any rate, pursuant to a letter dated March 25, 1985, Derfner declared that his client would pay the sum of $13,471.16 immediately, with the balance to be paid on or before April 1, 1985, in exchange for which the action would be withdrawn with prejudice and Renaissance would be released from all claims arising out of the allegations contained in the complaint.

Renaissance contends that Allen had accepted all of the terms outlined in the letter of March 25th. Allen denies this, asserting that while Derfner's letter did confirm the promise to pay, it contained statements which were never discussed or agreed to. One of these disputed statements is the following: "Under the circumstances, it appears unnecessary to answer the complaint at this time. I suggest that the defendants' time to respond to the complaint be extended until April 2, 1985, pending my client's performance of its part of the settlement agreement." After receiving the foregoing communication,

Allen contacted Derfner, but, once again, the parties disagreed regarding the import of their conversation. What is clear, however, is that no check was delivered by Renaissance, and Allen then procured a default judgment, eventually vacated on condition that defendant post a bond, and placing restraining notices on Renaissance's bank account.

Renaissance subsequently submitted its answer, consisting of general denials and defenses. Not content with simply responding to Lep's complaint, defendant then sought to make Allen a party to the lawsuit, serving Lep with an amended answer and Allen with what is supposedly an original summons and complaint. Lep and Allen moved to dismiss the claims-counterclaims contained therein, asserting a failure to state a cause of action and improper and untimely service. The Supreme Court granted the motion to the extent of dismissing the first, third and fourth counterclaims, but ruled against Allen's defense of lack of personal jurisdiction. Both sides have appealed, Renaissance insofar as its negligence claim was dismissed and Lep and Allen to the extent of challenging the fact that the second claim, alleging abuse of process, was sustained.

At the outset, it should be noted that in view of the holding of this court that Renaissance has no valid claims concerning Allen, it is unnecessary to decide whether Lep and/or Allen were properly served. It should also be pointed out that while an attorney is not insulated from liability for tortious conduct simply because of his or her professional position *(see, Halperin v Salvan,* 117 AD2d 554), this court does not regard with favor a party suing its adversary's lawyer when, as in the situation herein, opposing counsel seems to have been doing nothing more than conscientiously representing his client. As this court observed in *Hahn v Wylie* (54 AD2d 629): "It is recognized that 'The public interest * * * demands that attorneys, in the exercise of their proper functions as such, shall not be civilly liable for their acts when performed in good faith and for the honest purpose of protecting the interests of their clients' " *(see also, Gifford v Harley,* 62 AD2d 5).

In the instant case, even accepting the truth of Renaissance's allegations, it is evident that Allen, rather than evincing a motivation to do harm without justification (that is, malicious intent), a requirement of the tort of abuse of process *(Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397), endeavored to settle this matter and avoid litigation. Although Renaissance states that Allen agreed to extend defendant's time to answer, there is no proof that Allen ever

assented to the terms of the letter of March 25th. Indeed, all that is involved here is a factual disagreement between parties to a lawsuit. Such disagreements occur in almost every case and certainly do not give rise to a cause of action for abuse of process. Moreover, there is no indication that either Lep or Allen sought to utilize process for "some collateral advantage or corresponding detriment to the plaintiff which is outside the legitimate ends of the process" *(Board of Educ. v Farmingdale Classroom Teachers Assn., supra,* at 403). On the contrary, Lep appears to have a valid claim against Renaissance for money owed, and defendant's contention that it was led into a procedural trap by Lep and Allen is unpersuasive. Consequently, the claim-counterclaim founded in abuse of process should have been dismissed against both Lep and Allen. We have considered defendant's other arguments and find them to be without merit. Concur—Kupferman, J. P., Asch, Milonas and Ellerin, JJ.