834 F.2d 935
 Walter J. GILBERT, Plaintiff-Appellant,
v.
Charles E. WILLS, Jr., M.D., B.N. Kuppuswamy, M.D., Hospital
Authority of Wilkes County, d/b/a Wills Memorial
Hospital, and Joseph Kmieck, M.D.,
Defendants-Appellees.
 No. 86-8879.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 21, 1987.
 
 1
 Del Percilla, Jr., Atlanta, Ga., for plaintiff-appellant.
 
 
 2
 Patrick J. Rice, Hull, Towill, Norman & Barrett, Augusta, Ga., for defendants-appellees.
 
 
 3
 Wiley S. Obenshain, III, Fulcher, Hagler, Reed, Obenshain, Hanks & Harper, Augusta, Ga., for Joseph Kmiecik, M.D.
 
 
 4
 Gary B. Blasingame, Blasingame, Burch, Garrard & Bryant, P.C. and Richard L. Brittain, Athens, Ga., for Dr. Charles E. Wills, Jr. and Hosp. Authority of Wilkes Co. etc.
 
 
 5
 Appeal from the United States District Court for the Southern District of Georgia.
 
 
 6
 Before RONEY, Chief Judge, HATCHETT, Circuit Judge, and
 
 
 7
 HODGES*, Chief District Judge.
 
 HODGES, Chief District Judge:
 
 8
 In 1984 Dovie Mae Gilbert and her husband Walter lived in Georgia. They had four children, at least three of whom were adults and all of whom also lived, and continue to live, in Georgia. Dovie Mae died in Georgia on February 19, 1984. Walter thereafter moved to Florida. A short time later he brought this suit in the District Court of the Southern District of Georgia seeking recovery for the wrongful death of his wife allegedly due to the negligence of the defendants, all residents of Georgia. Jurisdiction was invoked on the basis of diversity of citizenship under 28 U.S.C. Sec. 1332. The defendants moved to join parties (the Gilbert children) or, alternatively, to dismiss for lack of diversity of citizenship. The district court granted that motion and dismissed the action for want of jurisdiction. We affirm.
 
 
 9
 The Georgia wrongful death statute in effect at the date of Dovie Mae's death was O.C.G.A. 51-4-3. That section has since been repealed, but the parties agree that it continues to apply in this case. The statute provided in subsections (a) and (b)(1) that the surviving husband and children of a deceased wife and mother would have a joint cause of action for her wrongful death. Subsection (b)(2) provided, however, that the surviving husband or any of the children might bring a separate or individual action. If less than all brought suit, the litigating survivor or survivors were authorized to serve process upon the other members of the family who were then given the right to intervene at any time before final judgment; and, by implication, those who were served but elected not to intervene thereby waived any right to participate in any recovery. Non-litigating family members who were not served with process retained the right to pursue successful plaintiffs for a proportionate share of any recovery. In either case the defendants were absolved by the statute from any possible additional liability to non-litigating survivors whether such survivors were served with process or not.
 
 
 10
 In this case the Gilbert children were served with process and none elected to intervene. By operation of O.C.G.A. 51-4-3, therefore, they will have no continuing claim against the defendants and no statutory claim to participate in any recovery effected by their father, the plaintiff. The district court found, however, and the plaintiff does not dispute, that the surviving members of the Gilbert family--Walter and his children--have a private agreement that they will share any recovery notwithstanding Walter's apparent right under the statute to assert a waiver of the children's interest by virtue of their non-intervention in the case. They have elected not to intervene and have chosen instead to preserve their interests by a private or side agreement as a tactical device to gain access to the federal court. From this fact the district court concluded that diversity jurisdiction had been collusively created contrary to 28 U.S.C. Sec. 1359 which provides:
 
 
 11
 Parties Collusively Joined or Made.
 
 
 12
 A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.
 
 
 13
 We agree with the district court and believe that application of the statute to the facts of this case was foreshadowed by the law of the Circuit as established in Caribbean Mills, Inc. v. Kramer, 392 F.2d 387 (5th Cir.1968), Aff'd, 394 U.S. 823, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969), and Harrell & Sumner Contracting Co. v. Peabody Petersen Co., 546 F.2d 1227 (5th Cir.1977).[1]
 
 
 14
 In Caribbean Mills two claimants who could not have sued in federal court assigned their claim to an attorney. He then reassigned 95% of his newly acquired interest to one of the original claimants and later brought an action based on diversity jurisdiction. In considering the effect of 28 U.S.C. Sec. 1359 on these facts the Court rejected other decisions to the contrary and held that the words "improperly or collusively," as used in the statute, do not require a finding of fraud or deceit, collusion with the opposing party, or impropriety in the sense of indecorum or indecency; and, in affirming that decision, the Supreme Court added that the validity under state law of the assignment or other device used to artificially create federal jurisdiction is immaterial. Whether federal jurisdiction validly exists is a matter of federal, not state law. 394 U.S. at 829; 89 S.Ct. at 1490-91.
 
 
 15
 In Harrell & Sumner Contracting the plaintiff and another company were joint venturers on a project which gave rise to a claim against the defendant. The other joint venturer, which shared state citizenship with the defendant, assigned its interest in the claim to its partner, the diversity plaintiff, but expressly retained a one-half interest in the proceeds of the contemplated litigation. The Court appropriately approached the question of collusive jurisdiction under Section 1359 by first exploring the issue of whether, absent the assignment, the second joint venturer would be an indispensable party to the case under Rule 19, F.R.Civ.P.[2] After concluding that the second venturer, as a joint obligee, would be indispensable under Rule 19, the court had little difficulty in finding that the assignment was a device to manufacture federal jurisdiction and was "improper or collusive" within the meaning of Sec. 1359 as interpreted and applied in Caribbean Mills, supra.
 
 
 16
 Here the surviving members of the Gilbert family through their private agreement working in coalescence with the provisions of the Georgia wrongful death statute, O.C.G.A. Sec. 51-4-3, manipulated the result in such a way as to manufacture diversity jurisdiction in precisely the same way as the assignments which the parties attempted to utilize in Caribbean Mills and Harrell & Sumner Contracting. Clearly, in the absence of that mechanism in the Georgia statute permitting individual survivors to bring suit and bind the others, all would be joint obligees and indispensable parties under Rule 19(b) in federal court. In essence, for purposes of this analysis, therefore, the election of the children not to intervene operated as an assignment or relinquishment of their interests which they then rendered illusory by their private agreement. The whole exercise was a device to manufacture federal jurisdiction and was improper or collusive within the meaning of Sec. 1359.
 
 
 17
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Wm. Terrell Hodges, Chief U.S. District Judge for the Middle District of Florida, sitting by designation
 
 
 [1]
 The decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206 (11th Cir.1981)
 
 
 [2]
 Obviously, if the plaintiff could have brought the suit anyway, without joining its co-venturer, the existence (or non-existence) of the assignment would become immaterial to the jurisdictional question