■ CROWN WISTERIA, INC., et al., Respondents, v F.G.F. ENTERPRISES CORP. et al., Appellants.—Order of the Supreme Court, New York County (David B. Saxe, J.), entered January 9, 1990, which denied defendants' motion to dismiss the complaint and granted plaintiffs' motion to vacate their default, is

reversed on the law, and the complaint dismissed, with costs and disbursements payable to defendants. The clerk is directed to enter judgment in favor of defendants dismissing the complaint, with costs.

This is an action asserting claims for malicious prosecution and breach of contract. It stems from defendant Harold Reed's attempt to enjoin plaintiff Crown Wisteria (Crown), owned by plaintiff Stamell, from constructing an addition to a townhouse, in violation of a restrictive covenant in a deed which prohibited any additions so long as the Reeds "occupied" the adjoining building.

After Reed was divorced and had sublet the building where he had lived, plaintiffs began to construct an addition to their premises. Reed was granted summary judgment for a permanent injunction from the Supreme Court against the construction.

On appeal, this court modified (F.G.F. Enters. Corp. v Crown Wisteria, 128 AD2d 382, 383), finding "with respect to the use of the term 'occupied', that there exists an issue of fact as to the parties' intent." Accordingly, we vacated the award of summary judgment and granted defendants a preliminary injunction on condition that a bond be posted and struck the requirement that defendants remove existing structures.

A bench trial followed at which the sole issue was what the parties intended by the word "occupied", as used in the deed at the time of the conveyance more than 12 years earlier. Neither of the attorneys who represented the parties to the sale was available to testify.

The court credited the testimony of Mr. Von Leksten, the former president of Crown, who said the intention of the parties was that the covenant would end when Mr. Reed no longer lived on the premises. It found that the burden of proof on this issue had not been met. The court, however, made no finding that Reed had withheld information or misrepresented any facts. Thus, on Crown's proposed findings of fact and conclusions of law, the court crossed out the statement that "the complaint does not state an actionable claim." It also struck from the proposed judgment Crown's request for $20,000 in damages.

Thereafter, Crown and Stamell instituted this action against F.G.F. and Reed. F.G.F. and Reed moved to dismiss the action pursuant to CPLR 3211 (a) (1), (3) and (7). The Supreme Court, in the order appealed from herein, denied the motion, stating that the causes of action were "pleaded sufficiently to with-

stand dismissal" and that Stamell had standing to sue as a "third-party beneficiary under the contract between the defendants and Crown Wisteria."

Defendants first urge that the malicious prosecution action should be dismissed because plaintiffs failed to overcome the presumption of probable cause that arose as a result of the three court orders of Justice Miller, including summary judgment, in defendants' favor.

As a result of the "strong public policy of open access to the courts for all parties without fear of reprisal in the form of a retaliatory lawsuit", the Court of Appeals has imposed "stringent requirements" for malicious prosecution actions. *(Curiano v Suozzi,* 63 NY2d 113, 119.) With respect to the essential element that the earlier action has to be instituted without probable cause: "New York cases hold that when a judgment or decree was rendered against the malicious prosecution plaintiff in the prior action of which he complains, that fact is either conclusive or prima facie evidence of probable cause for the prior action, which is not overcome by the subsequent reversal or setting aside of the judgment or decree" (59 NY Jur 2d, False Imprisonment and Malicious Prosecution, § 90, at 348).

In denying the motion to dismiss, the IAS court found only that plaintiffs had pleaded the elements of malicious prosecution. However, the presumption of probable cause arising from the court orders in the prior action was the basis for the motion to dismiss.

As the record reveals, defendants Reed and F.G.F. did have probable cause to allege that the restrictive covenant should be enforced. Indeed, Reed's position throughout has been based on the dictionary meaning and legal interpretation of the word "occupied", and on his intent to resume residence at the expiration of the sublease, as evidenced by the continued presence of his furniture and his retention of a key to the house.

Contrary to respondents' assertions, Reed never claimed "occupied" had a "special meaning" or that the parties had discussed the meaning of the word. Reed made no representations about the negotiations for the restrictions in the deed other than his recollection that certain changes "were insisted on by the purchaser."

While plaintiffs rely on cases such as *Maxwell v City of New York* (156 AD2d 28), involving perjured testimony, as the findings of the IAS court make clear, Reed did not misrepresent any facts much less offer perjured testimony.

The allegations made by plaintiffs which allegedly support their theory of perjury were conclusory and unsubstantial.

Under these circumstances, plaintiffs failed to overcome the presumption of probable cause that arises as a result of the prior court orders in Reed's favor.

The second cause of action is for breach of contract on the theory that Reed and F.G.F. "breached the covenant of good faith and fair dealing by claiming the benefit of the restriction after the restriction lapsed when Reed no longer lived at 170 East 78th Street."

However, in the absence of a showing of bad faith on the part of Reed and F.G.F. amounting to malicious prosecution, damages arising from improperly issued injunctive relief are only recoverable in an action on the undertaking (*Doran & Assocs. v Envirogas, Inc.,* 112 AD2d 766, 768). Apparently, plaintiffs here have an action pending against defendants' undertaking and as noted, *supra,* their claim for malicious prosecution is deficient. Under these circumstances, there is no cognizable action in breach of contract.

Moreover, there was no showing at all that defendants breached the covenant of good faith and fair dealing. Defendants were entirely within their rights in bringing the prior action, as manifested by the prior court orders in their favor and the Supreme Court's refusal to find after trial that their complaint failed to state an actionable claim.

In addition, plaintiff Jared Stamell's action must be dismissed because he has no standing to sue for either malicious prosecution or for breach of the contract. Stamell was not a party to either the original contract or the prior action by F.G.F. and Reed to enforce the convenant in that contract.

Only a party to the proceeding complained of as a malicious prosecution is entitled to maintain an action for malicious prosecution. *(See,* 59 NY Jur 2d, False Imprisonment and Malicious Prosecution, § 48, at 311.)

The prior action, which is the basis for the cause of malicious prosecution, was *F.G.F. Enters. Corp. v Crown Wisteria* and Stamell was not named as a party, and thus has no standing to sue for malicious prosecution. Further, Stamell was not a party to the contract between Crown and defendants. Stamell's later acquisition of Crown does not, ipso facto, make him a third-party beneficiary of the contract. "It is old law that a third party may sue as a beneficiary on a contract made for his benefit. *(Lawrence v Fox,* 20 NY 268; 17A CJS, Contracts, § 519 [3]; 10 NY Jur, Contracts, § 237.) However, an

intent to benefit the third party must be shown *(Beveridge v New York El. R. R. Co.,* 112 NY 1, 26; *Cerullo v Aetna Cas. & Sur. Co.,* 41 AD2d 1) and, absent such intent, the third party is merely an incidental beneficiary with no right to enforce the particular contracts. *(Associated Flour Haulers & Warehousemen v Hoffman,* 282 NY 173, 180; *Moch Co. v Rensselaer Water Co.,* 247 NY 160; Simpson, Contracts, § 117.)" *(Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 655.)

Clearly, Stamell was not the intended beneficiary of a contract entered in 1975. He had no interest in Crown until he purchased the stock in 1985, and thereby acquired the townhouse adjoining Reed's. Concur—Ross, J. P., Rosenberger, Asch, Kassal and Wallach, JJ.