[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12279
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-20122-PMH

LANDMARK EQUITY FUND II, LLC,

Plaintiff-Appellant,

versus

RESIDENTIAL FUND 76, LLC,
REAL ESTATE MORTGAGE INVESTMENT CORPORATION [REMIC],
CITIGROUP GLOBAL MARKETS REALTY CORPORATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 7, 2015)

Before ED CARNES, Chief Judge, MARCUS, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Landmark Equity Fund II, LLC (Landmark) filed a lawsuit in federal district court asserting various contractual claims against Residential Fund 76 (RF76), Real Estate Mortgage Investment Corporation (REMIC), and Citigroup Global Markets Realty Corporation (Citigroup). The district court[1] dismissed without prejudice Landmark's claims against RF76 and REMIC for lack of subject matter jurisdiction, but retained jurisdiction over Landmark's claims against Citigroup. The court then dismissed with prejudice Landmark's claims against Citigroup under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. Landmark appeals the district court's Rule 12(b)(6) dismissal with prejudice of its claims against Citigroup.

I.

In June 2011, RF76 entered into a contract with Citigroup in which RF76 agreed to purchase a pool of real estate loans from Citigroup. In a separate transaction, Landmark's predecessor-in-interest, Landmark Financial Solutions, LLC (LFS), entered into two contracts with RF76 whereby LFS agreed to purchase loans from RF76. Some of the loans RF76 was set to acquire from Citigroup were included in the sale of loans to LFS. Ultimately, RF76 failed to assign some of the

---

[1] The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).

2

loans to LFS, and later claimed that it was unable to do so because it had not obtained the appropriate assignments from Citigroup.

After RF76 failed to deliver the loans, LFS assigned the claims under its contracts to Landmark. Landmark then filed this lawsuit asserting diversity jurisdiction. In its operative complaint, Landmark asserted various contractual claims against RF76, REMIC, and Citigroup. In relevant part, Landmark sought from Citigroup (i) damages and specific performance under the theory that Landmark was a third-party beneficiary of the contract between Citigroup and RF76; and (ii) damages under the theories of implied or quasi contract and unjust enrichment.

RF76 and REMIC filed a motion to dismiss under Federal Rule of Civil Procedure 12(b). Among other things, they argued that the district court lacked subject matter jurisdiction because LFS had impermissibly manufactured diversity by assigning its claims to Landmark.[2] Citigroup also filed a motion to dismiss under Rule 12(b)(6).

The district court granted the motions to dismiss in two separate orders. In the first order, the court dismissed without prejudice Landmark's claims against RF76 and REMIC for lack of subject matter jurisdiction. Relying on 28 U.S.C.

---

[2] LFS, like RF76 and REMIC, is a citizen of California, while Landmark is a citizen of Florida. Thus, complete diversity of citizenship would not have existed but for LFS's assignment of its claims to Landmark.

3

§ 1359, the court found that LFS and Landmark had collusively manufactured diversity through the assignment of the contract claims because LFS retained an interest in the lawsuit.  In the second order, the court dismissed with prejudice Landmark's claims against Citigroup for failure to state a claim upon which relief could be granted.  The court later amended the first dismissal order to clarify that the dismissal of RF76 and REMIC, the non-diverse defendants, had cured any jurisdictional defects.  The amended order also clarified that, under Rule 19, RF76 and REMIC were dispensable parties with respect to Landmark's claims against Citigroup and, therefore, the court had retained jurisdiction to adjudicate those claims on the merits.

## II.

Landmark first contends that the district court erred in retaining jurisdiction over its claims against Citigroup because the court should have dismissed the entire case for lack of subject matter jurisdiction.  We review de novo questions of subject matter jurisdiction.  SEC v. Mut. Benefits Corp., 408 F.3d 737, 741 (11th Cir. 2005).  However, "[w]e review a district court's decision regarding indispensability of parties for abuse of discretion."  United States v. Rigel Ships Agencies, Inc., 432 F.3d 1282, 1291 (11th Cir. 2005).

It is well settled that a jurisdictional defect may be "cured by the dismissal of the party that . . . destroyed diversity."  Grupo Dataflux v. Atlas Glob. Grp., LP,

4

541 U.S. 567, 572, 124 S. Ct. 1920, 1925 (2004).  When the district court intends to dismiss a nondiverse party to remedy a jurisdictional defect, it must also determine whether that party is dispensable.  See id.; Horn v. Lockhart, 84 U.S. 570, 579 (1873).  If the nondiverse party is dispensable, the court may dismiss that party and the claims against it, and retain jurisdiction over any remaining diverse parties.  Horn, 84 U.S. at 579; see also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832, 109 S. Ct. 2218, 2223 (1989) (noting that "Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time").

Rule 19 provides a two-part test for determining whether a person is a dispensable party.  City of Marietta v. CSX Transp., Inc., 196 F.3d 1300, 1305 (11th Cir. 1999).  The first step, set forth in Rule 19(a), asks whether the person is a "required party."  Fed. R. Civ. P. 19(a)(1).  The relevant inquiry is "whether complete relief can be afforded in the present procedural posture, or whether the nonparty's absence will impede either the nonparty's protection of an interest at stake or subject parties to a risk of inconsistent obligations."  Marietta, 196 F.3d at 1305.  We proceed to the second step only if we determine that the person at issue is a required party.  Id.  The second step, set forth in Rule 19(b), asks "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  Fed. R. Civ. P. 19(b).

5

Landmark first argues that the district court erred in determining that RF76 and REMIC were dispensable based on its conclusion that they were not required parties within the meaning of Rule 19(a).[3]  Although the district court did not provide a detailed discussion of the reasoning underlying its conclusion, it did not abuse its discretion in reaching that conclusion.  There is no indication in the record that the other defendants' absence diminished the district court's ability to "accord complete relief among existing parties."  Fed. R. Civ. P. 19(a)(1)(A).  Even if Landmark had stated a plausible claim against Citigroup, the court could have granted complete relief in the form of damages.  There was also no indication that RF76 and REMIC's absence would "impede [their] protection of an interest at stake or subject [them] to a risk of inconsistent obligations."  Marietta, 196 F.3d at 1305; see also Fed. R. Civ. P. 19(a)(1)(B).  As Citigroup correctly points out, RF76 and REMIC have neither asserted an interest in the outcome of Landmark's claims against Citigroup nor have they attempted to intervene with respect to those claims.  Under those facts, it was not an abuse of discretion to conclude that RF76 and REMIC were dispensable parties.

Landmark next argues that even if RF76 and REMIC were dispensable parties with respect to the claims against Citigroup, Citigroup was an indispensable party with respect to the claims against RF76 and REMIC, which Landmark must

---

[3] The court found in the alternative that even if RF76 and REMIC were required parties, the Rule 19(b) factors militated in favor of allowing the case to proceed against Citigroup.

6

now pursue in state court. Landmark asserts that the state court will not be able to afford complete relief in Citigroup's absence because RF76 cannot deliver the loan assignments to Landmark until Citigroup first delivers those assignments to RF76. Complete relief, as Landmark envisions it, would appear to involve an order requiring Citigroup to deliver the assignments to RF76. That argument fails for several reasons. Landmark can obtain injunctive relief against Citigroup only if Landmark first states a plausible claim for relief against it. As we will explain, Landmark has failed to do that. Even if Landmark were entitled to equitable relief against RF76 and REMIC and could not obtain it in Citigroup's absence, it has failed to show why a remedy at law would not be adequate. See Rosen v. Cascade Int'l, Inc., 21 F.3d 1520, 1527 (11th Cir. 1994) ("It is axiomatic that equitable relief is only available where there is no adequate remedy at law[.]"). There is no indication that an award of damages from RF76 and REMIC would be insufficient to vindicate Landmark's contractual rights. See id.

Landmark also argues that the district court should not have retained jurisdiction over the claims against Citigroup because LFS was an indispensable plaintiff. In concluding that LFS and Landmark had colluded to manufacture diversity within the meaning of 28 U.S.C. § 1359, the district court found that LFS had retained an interest in the lawsuit because it would ultimately receive the proceeds of the case. Landmark now maintains that because LFS had an interest in

7

the lawsuit, LFS was an indispensable party and the court could not finally adjudicate the claims against Citigroup in LFS's absence.  Landmark misinterprets the implications of the district court's order.  In determining whether a person has impermissibly manufactured diversity by assigning its rights to another, the relevant inquiry is "whether, absent the assignment, the [person] would be an indispensable party to the case," not whether the person is an indispensable party. Gibert v. Willis, 834 F.2d 935, 937 (11th Cir. 1987) (emphasis added).  The district court's reasoning implies only that LFS would have been an indispensable party absent the assignment.  See id.  Because LFS in fact assigned its rights under its contracts to Landmark, it is not an indispensable party.[4]

For these reasons, the district court did not err in retaining jurisdiction over Landmark's claims against Citigroup after it dismissed the claims against RF76 and REMIC for lack of subject matter jurisdiction.

III.

---

[4] Landmark additionally argues that 28 U.S.C. § 1359 required the district court to dismiss the entire case for lack of subject matter jurisdiction instead of retaining jurisdiction over the claims against Citigroup.  It also appears to argue that the district court should not have retained jurisdiction over those claims because none of the parties requested that in their motions to dismiss.  As previously noted, however, it is well settled that a court may, on its own initiative, dismiss a dispensable and nondiverse party to cure a jurisdictional defect, and retain jurisdiction over the claims involving the remaining diverse parties.  See Grupo Dataflux, 541 U.S. at 572–73, 124 S. Ct. at 1925; Newman-Green, Inc., 490 U.S. at 832, 109 S. Ct. at 2223; Horn, 84 U.S. at 579.  Landmark cites no precedent which suggests that § 1359 undermines the district court's independent authority to cure jurisdictional defects in that manner, and the court properly exercised that authority when it retained jurisdiction over Landmark's claims against Citigroup even though none of the parties specifically requested that it do so.

8

Landmark next contends that even if the district court correctly retained jurisdiction over the claims against Citigroup, it erred in dismissing those claims with prejudice under Rule 12(b)(6).  We review de novo the district court's grant of a motion to dismiss.  Ironworkers Local Union 68 v. AstraZeneca Pharm., LP, 634 F.3d 1352, 1359 (11th Cir. 2011).  We "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Id. (quotation marks omitted).  We also consider attachments to the complaint as part of the pleadings.  Fed. R. Civ. P. 10(c) ("A copy of a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

In its first claim against Citigroup, Landmark sought damages and specific performance on the ground that Landmark was a third-party beneficiary of Citigroup's contract with RF76, a copy of which was attached to the complaint. The choice-of-law provision in that contract provides that New York law governs.[5] To succeed on a third-party beneficiary claim under New York law, Landmark must show, among other things, "that the contract was intended for [its] benefit."

_____

[5] Because Landmark brought this diversity case in Florida, that state's "choice-of-law rules . . . determine what law governs."  Interface Kanner, LLC v. JPMorgan Chase Bank, N.A., 704 F.3d 927, 932 (11th Cir. 2013) (citation omitted).  "[U]nder Florida law, courts enforce choice-of-law provisions unless the law of the chosen forum contravenes strong public policy." Id. (quotation marks omitted).  As a result, we will enforce the choice-of-law provision in the contract between Citigroup and RF76.  Although Landmark does not appear to directly challenge the enforceability of the choice-of-law provision, it inexplicably cites Florida law to support its claims against Citigroup.  To the extent Landmark's arguments depend on Florida contract law, we do not consider them.

9

Cal. Pub. Emps. Ret. Sys. v. Shearman & Sterling, 741 N.E.2d 101, 104 (N.Y. 2000). "A third-party beneficiary cannot enforce a contract in [its] favor unless the contract clearly expresses an intention to benefit that third-party." Cerullo v. Aetna Cas. & Sur. Co., 341 N.Y.S.2d 767, 770 (N.Y. App. Div. 1973).

Even accepting Landmark's allegations as true and construing them in the light most favorable to it, as we must at the motion to dismiss stage, Landmark cannot establish that it was an intended third-party beneficiary. Cal. Pub. Emps. Ret. Sys., 741 N.E.2d at 104. Not only does the contract fail to mention Landmark, but its unambiguous terms do not express an intention to benefit anyone other than the contracting parties. The contract states: "This agreement shall inure to the benefit of and be binding upon [Citigroup] and [RF76] and the[ir] respective successors and assigns." Those terms do not "clearly express[ ] an intention to benefit" Landmark. Cerullo, 341 N.Y.S.2d at 770. As a result, Landmark has failed to state a third-party beneficiary claim under New York law and amendment would be futile.[6]

Landmark's second claim against Citigroup was for the breach of implied contract or quasi contract and unjust enrichment. New York law recognizes two

---

[6] Landmark now argues that the district court's order dismissing the claims against Citigroup was contradictory because it found that Landmark was not an intended third-party beneficiary, but also found that a contract existed between Landmark and Citigroup. That argument misreads the district court's order. What the orders actually says is that Landmark has an adequate remedy at law under a breach of contract claim against RF76 and REMIC, not Citigroup. Nothing in the district court's order can be fairly read to suggest that there was a contract between Landmark and Citigroup.

10

types of implied contracts:  contracts implied in fact and contracts implied in law.

See Parsa v. State, 474 N.E.2d 235, 237 (N.Y. 1984).  An unjust enrichment claim

"lies as a quasi-contract claim," Goldman v. Metro. Life Ins. Co., 841 N.E.2d 742,

746 (N.Y. 2005), and "quasi contract denotes a contract implied in law," Bradkin

v. Leverton, 257 N.E.2d 643, 646 (N.Y. 1970).  As the district court correctly

noted, "[a] contract cannot be implied in fact . . . where there is an express contract

covering the subject-matter involved."  Miller v. Schloss, 113 N.E. 337, 339 (N.Y.

1916).  Similarly, when "a valid and enforceable written contract governing a

particular subject matter" exists, then "recovery on a theory of unjust enrichment

for events arising out of that subject matter is ordinarily precluded."  IDT Corp. v.

Morgan Stanley Dean Witter & Co., 907 N.E.2d 268, 274 (N.Y. 2009).

To support its implied or quasi contract and unjust enrichment claims,

Landmark attached the contract between Citigroup and RF76, and the two

contracts between Landmark and RF76.  Those contracts cover the subject matter

involved, namely, the disputed pool of real estate loans.  Landmark has therefore

failed to state a plausible claim for relief under theories of implied or quasi

contract or unjust enrichment, and amendment would be futile.  See Miller, 113

N.E. at 339; IDT Corp., 907 N.E.2d at 274.

For these reasons, the district court did not err in dismissing with prejudice

Landmark's claims against Citigroup.

11

**AFFIRMED.**