[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2005
THOMAS K. KAHN
CLERK

No. 03-15139
_____

D. C. Docket No. 01-14222-CV-JCP

JACK A. SUNSERI,
CONSOLIDATED PARTNERS, LTD.,

Plaintiffs-Appellants,

versus

MACRO CELLULAR PARTNERS,
MARY CALLAWAY, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 17, 2005)

Before CARNES and COX, Circuit Judges, and MILLS[*], District Judge.

COX, Circuit Judge:

_____

[*]Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

The district court referred the Defendants' motion to dismiss for want of diversity jurisdiction to a magistrate judge, who after argument recommended the motion be granted. Pursuant to Fed. R. Civ. P. 43(e), the magistrate judge based his recommendation solely on written materials, including Plaintiff Jack Sunseri's affidavit, deposition and other documents. The district court adopted the magistrate judge's Report and Recommendation and dismissed the case for want of diversity jurisdiction. Plaintiffs appeal, contending that (1) the district court clearly erred in finding that Jack Sunseri was domiciled in California, and (2) the district court abused its discretion in ruling on the motion to dismiss without holding an evidentiary hearing. Plaintiffs assert the parties are diverse because Jack Sunseri is domiciled in Nevada, not California. Plaintiffs further contend that it was an abuse of discretion to determine Sunseri's domicile without an evidentiary hearing, as the issue of his domicile turns on his credibility. We affirm dismissal of the case.

## I.

Plaintiffs Jack A. Sunseri and Consolidated Partners filed this action against the individual partners of a now defunct partnership. They seek to collect more than $2.7 million in damages they claim they are due from the partnership but that the Defendants refuse to pay. (R.1-2 at 3.) Defendants filed a motion to dismiss for lack

2

of diversity jurisdiction. The district court referred the motion to the magistrate judge for a Report and Recommendation. *See* 28 U.S.C. 636(b).

Sunseri submitted documents to the magistrate judge to show that he was domiciled in Nevada, including his affidvait, deposition, drivers license, tax returns, banking statements, voter registration, medical records, utility and phone bills, employment records, and vehicle registrations. The Defendants submitted evidence to show that Sunseri was domiciled in California, including mortgage documents, executed by Sunseri under oath, in which Sunseri listed his California home as his primary residence. The magistrate judge heard argument and concluded that Sunseri was domiciled in California, not Nevada, and thus the parties were not diverse.[1]

"A person's domicile is the place of his 'true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)). "This Court reviews the district court's finding regarding domicile under a clearly erroneous standard." *McCormick*, 293 F.3d at 1257 (citing *Scoggins v. Pollock*, 727 F.2d 1025, 1027 (11th Cir. 1984)); *see also* Fed. R. Civ. P. 52(a) ("Findings of fact, whether

---

[1]Factual determinations decisive of a motion to dismiss for lack of jurisdiction are within the court's power. The parties do not have a right to a jury trial on such issues. *See Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981).

based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . .").  "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."  *Anderson v. City of Bessemer, City, N.C.,* 470 U.S. 564, 574, 105 S. Ct. 1504, 1511 (1985).  The record in this case could support a finding that Sunseri was domiciled in Nevada.  But it also supports a finding that Sunseri was domiciled in California.  Given this record, we conclude that the district court did not clearly err in relying on Sunseri's own statements, executed under oath in the mortgage documents, to determine that he was domiciled in California.

## II.

The Plaintiffs also contend that the district court abused its discretion in determining Sunseri's domicile without holding an evidentiary hearing.[2]  The magistrate judge addressed the defendant's motion to dismiss pursuant to Fed. R. Civ. P. 43(e).  Rule 43(e) provides:  "When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or deposition."  We review the court's decision to rule on the motion to dismiss without

---

[2]The Defendants did not respond to this argument in their brief.  We may, however, affirm the district court "on any ground that finds support in the record."  *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001).

an evidentiary hearing for abuse of discretion. *See Washington v. Norton Mfg., Inc.,* 588 F.2d 441, 443 (5th Cir. 1979) (noting that the district court has "broad discretion" in resolving jurisdictional issues and "the judge may determine these issues by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery."). Where resolution of the motion to dismiss turns on credibility, however, the proper exercise of discretion may be to hold an evidentiary hearing. *See Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir.1981); *Prakash v. Am. Univ.*, 727 F.2d 1174, 1179-1180 (D.C. Cir. 1984).

We agree with the First Circuit's observation, however, that courts will "turn a deaf ear to protests that an evidentiary hearing should have been convened but was not, where . . . the protestor did not seasonably request such a hearing in lower court." *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1120 (1st Cir. 1989). We have carefully reviewed the record in this case, and neither party ever asked the magistrate judge to hold an evidentiary hearing. The magistrate judge gave both parties extra time for discovery, and said that he would then rule on the motion to dismiss. (R.2-97, R.2-109, R.2-117.) After receiving the affidavits, depositions, and other documents, the magistrate judge scheduled a telephone hearing on June 2, 2003, to hear argument on the motions. (R.2-148.) The Plaintiffs asked the court to cancel the telephone hearing and instead schedule a live hearing. The Plaintiffs wrote that it is

5

Plaintiffs' understanding that the telephonic hearing will **not** be an evidentiary hearing . . . . Despite the fact that the July 2nd telephonic hearing will not be an evidentiary hearing, Plaintiffs' lead counsel, the firm of Schlam, Stone & Dolan, LLP in New York City, believe that the hearing is of such importance that it is vital that the Court entertain live argument in open court on the issues presented. Plaintiffs' also submit that live oral argument before the Court will be of greater assistance to the Court in the presentation and understanding of the issues presented than would be a telephonic hearing.

(R.2-150 at 2) (emphasis in original). In this request, the Plaintiffs did not specifically request an evidentiary hearing, although they were on notice that the court would decide the motion based only on the written submissions. Plaintiffs' request for a live argument was denied.

During the telephone hearing on June 2, 2003, Plaintiffs' counsel raised the issue of an evidentiary hearing in the following exchange:

I would also say – I mean, your honor, I respectfully submit that I think the record supports the grant of our motion on this issue and the denial of their motion. But I would think at the very worst for us the

6

defendants have raised an issue of fact. I don't think your honor can hold based on the papers that subject matter jurisdiction does not exist.

If your honor has any doubts about this we are more than happy to come to Florida and have an evidentiary hearing, and you can hear both of the Sunseris yourself, and you can hear whoever you want to hear. I mean, if you want the fiancee–

THE COURT:  No, I don't need to do that. If I was going to do that I would have done it by now. I think the submissions and what the parties have submitted and taking them in the best light of the nonmoving parties is sufficient.

COUNSEL: Okay, your honor. But I just wanted to point out that, you know, we were willing to do that. I agree with your honor that it is sufficient. But, again, if there is any doubt about jurisdiction I would say that we could have a hearing.

(Tr. of Mot. Hr'g at 25.)

7

After the magistrate judge ruled against them, the Plaintiffs filed an objection to his Report and Recommendation, and summarized the proceedings before the magistrate judge:

> At the close of oral arguments, plaintiffs' requested an evidentiary hearing if the Magistrate Judge believed that the defendants had raised an issue of fact as to plaintiffs' domicile. The Magistrate Judge denied that request, and therefore made a finding as to Jack Sunseri's credibility without ever seeing him.

(R.2-159 at 9.) The Plaintiffs asked the district court to reject the Report and Recommendation. "Alternatively, this Court should conduct an evidentiary hearing on the issue of subject matter jurisdiction." (R.2-159 at 20.)

We hold that it is not an abuse of discretion to decide a motion to dismiss for want of jurisdiction on the basis of affidavits and other documents when neither party makes a timely and unequivocal request for an evidentiary hearing. The Plaintiffs said they understood that the hearing would "**not** be an evidentiary hearing" (R.2-150 at 2) (emphasis in original). If the Plaintiffs believed an evidentiary hearing was necessary, they should have asked the magistrate judge, in a timely and unequivocal manner, to schedule one. The Plaintiffs never made such a request, and therefore we need not

8

decide today whether they would have been entitled to an evidentiary hearing had they asked for one. The Plaintiffs only asked for live oral argument. Given the posture of this case, we cannot conclude that the magistrate judge abused his discretion in failing to hold an evidentiary hearing. And, because the Plaintiffs never requested an evidentiary hearing before the magistrate judge to whom the matter had been referred, we are unmoved by their untimely contention before the district court that they were entitled to one. *See Aoude*, 892 F.2d at 1120.

The district court's order adopting the Report and Recommendation of the magistrate judge and dismissing the action is, therefore,

**AFFIRMED.**