[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-14594
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 12, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-22715-CV-FAM

MARIA A. ZELAYA,
a.k.a. Maria DeLos Angeles Zelaya,

Plaintiff-Appellant,

versus

GERTRUDE DE ZELAYA,
a.k.a. Gertrudis Pineda De Zelaya,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 12, 2007)

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Maria A. Zelaya, a citizen of Florida, appeals the dismissal of her complaint against her mother, Gertrude De Zelaya, a citizen of California, for breach of a contract to recover property located in Nicaragua. The issue we must decide is whether the district court abused its discretion when it dismissed Maria's complaint on the ground of forum non conveniens. Because the district court failed to consider the relative advantages and disadvantages of both fora and the record is undeveloped for the resolution of this issue, we vacate the order of dismissal and remand for further proceedings.

## I. BACKGROUND

In 1998, Maria, an attorney, entered a written contract with her father, mother, and aunt to help recover properties previously confiscated by the Nicaraguan government. The contract provided that "as compensation for her services, [Maria] will receive a commission in the equivalent amount of Ten Percent (10%) of the recovered properties." If the recovery was in the form of government bonds, Maria would receive her commission in the form of bonds. If the recovery of the property was "a physical devolution," Maria would "receive her compensation in the form of Nicaraguan currency according to the fair market value of the property." Maria alleged that the parties agreed she would be paid from the sale of the recovered properties. Maria's father later died. Maria alleges

2

that Gertrude was the sole heir of the share of the property belonging to her late husband, Maria's father, and that Maria's aunt gave Gertrude full control over any interest the aunt had in the Nicaraguan property.

Maria alleged that between 1997 and 2004 she processed the claims of her family members and recovered several properties from the Nicaraguan government, including five "commercial modules" located at a shopping center in Managua, Nicaragua, a beach house at Velero Beach, Nicaragua, and 18 lots located at Carretera Masaya. Maria submitted to the district court the deed to one of the properties and alleged that Gertrude possesses the original deeds to the remaining recovered properties. Maria alleged that, after the properties were recovered, Gertrude enlisted her assistance in selling the properties. Specifically, Maria alleged that Gertrude requested that she travel to Nicaragua to arrange for the commercial properties to be cleaned and refurbished and for the lots at Carretera Masaya to be cleared of debris and dilapidated structures, to engage the services of a real estate agent, review offers made, and negotiate with potential buyers. In return for her services, Maria would be paid the percentage reduction from the standard 6% real estate commission that Maria negotiated with the real estate agent. Maria alleged that she negotiated a 4% reduction. Maria further alleged that she performed the promised services and received offers on several of

3

the properties, but that in March 2004, Gertrude informed Maria that she was not going to sell the properties and refused to pay Maria for recovering the properties and assisting in the sale of the recovered properties.

Maria commenced this breach of contract action against Gertrude. Gertrude moved to dismiss the action on the basis of forum non conveniens. In support of her motion, Gertrude submitted the affidavit of law professor Keith S. Rosenn. Rosenn's affidavit addressed the availability of Nicaragua as a suitable and available forum for the resolution of Maria's complaint. In his affidavit, Rosenn summarized the history of land titles in Nicaragua "since the Sandinistas ousted the Somoza regime in 1979" and stated that "[c]onsiderable uncertainty about legal titles to real urban and rural property still exists in Nicaragua," but did not opine regarding the validity of the specific land titles allegedly recovered by Maria.

Maria submitted her own affidavit in opposition to the motion as well as a certified copy of the deed to several of the recovered properties. Maria asserted in her affidavit and responsive pleading that the essential witnesses to her breach of contract action are the parties to the contract, both of whom are citizens of the United States. She states that the documentary evidence, including the titles to the properties, correspondence, facsimiles, e-mails, and photographs of improvements made to the recovered properties, are located in the United States. Maria also

4

submitted a declaration in which she stated that she recovered the properties from the Nicaraguan government, delivered the original titles and deeds to Gertrude, and that no one other than the Nicaraguan government held title or possessed the properties during the period of their confiscation.

Following a hearing on the motion to dismiss, Gertrude submitted a declaration in which she stated she would submit to the jurisdiction of the Nicaraguan courts. Maria moved to set aside the declaration of Gertrude and for an evidentiary hearing on the validity of Gertrude's signature. Gertrude submitted an affidavit attesting to the signature in the declaration and again stating that she would consent to the jurisdiction of a Nicaraguan court. Gertrude also submitted an affidavit of attorney J. Ronald Hershberger, who attested to the authenticity of Gertrude's signature on the supplemental affidavit and stated that Gertrude made the statements knowingly.

The district court granted Gertrude's motion to dismiss for <u>forum non conveniens</u>. The district court acknowledged in its order that Maria, a citizen of the United States, would receive a high level of deference for her choice of forum. The district court explicated why Nicaragua was an adequate and available forum for plaintiff's breach of contract complaint. The court next outlined the private and public interest factors to be considered and weighed, but only discussed the

5

advantages of resolving the dispute in Nicaragua. The district court stated that the "fundamental issue in this suit involves the authoritative determination of whether [Gertrude] has received marketable title over Nicaraguan real estate under Nicaraguan law," and announced that "[Maria] would have to rely on testimony from Nicaraguan government officials to prove that the disputed properties are no longer owned or controlled by the Nicaraguan government." Other than its reference to unspecified Nicaraguan government officials, the district court did not identify what witnesses or documentary evidence would be located in Nicaragua, nor did it identify the witnesses and documentary evidence located in the United States that would be used in a trial of this action. Regarding the public interest factors, the district court identified the Nicaraguan interest in resolving disputes about titles to Nicaraguan property, but did not identify or weigh the interests of the United States with the Nicaraguan interest.

## II. STANDARDS OF REVIEW

We review a determination by a district court of <u>forum non conveniens</u> for a clear abuse of discretion. <u>SME Racks v. Sistemas Mecanicos Para Electronica</u>, 382 F.3d 1097, 1100 (11th Cir. 2004). "[W]here the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." <u>Id.</u> (quoting <u>Piper Aircraft</u>

6

Co. v. Reyno, 454 U.S. 235, 257, 102 S. Ct. 252, 266 (1981) (internal quotation marks omitted).

We review the denial of a motion for an evidentiary hearing for an abuse of discretion. Sunseri v. Macro Cellular Partners, 412 F.3d 1247, 1250 (11th Cir. 2005).

### III. DISCUSSION

To prevail on a motion to dismiss for forum non conveniens, the moving party must show that "(1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." Leon v. Million Air, Inc., 251 F.3d 1305, 1311 (11th Cir. 2001). When a district court considers a motion for dismissal on ground of forum non conveniens, it "must consider all relevant factors of private interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice." La Seguridad v. Transytur Line, 707 F.2d 1304, 1307 (11th Cir. 1983) (quoting Pain v. United Technologies Corp., 637 F.2d 775, 784–85 (D.C. Cir. 1980)) (emphasis omitted) (internal quotation marks omitted). "[I]n considering the private interests of the litigants, some important considerations are: relative ease of access to sources of proof; ability to obtain witnesses; possibility of view of premises, if relevant; and

7

'all other practical problems that make trial of a case easy, expeditious and inexpensive.'" Id. (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S. Ct. 839, 843 (1947)).

A district court, in the exercise of its discretion, must weigh the competing private and public interests of each forum. Although we give substantial deference to the decision of a district court when it has reasonably balanced those interests, a district court "abuses its discretion when it fails to balance the relevant factors." Id. at 1308. We have suggested that "where the [district] court does not weigh the relative advantages of the respective forums but considers only the disadvantages of one, it has abused its discretion." Id.

We have also required that the weighing of the public and private interests be based on issues framed by the parties and an evidentiary record, not "speculat[ion] as to what witnesses and documents might be relevant and where they might be located." Id. at 1308. "Until the issues are framed, there is simply no basis for a forum non conveniens determination other than sheer speculation." Id. at 1308–09. A district court "must delineate what issues will be dispositive and where the evidence relevant to those issues will be found. To the extent that the location of this evidence is disputed, the appellee, as defendant, will bear the burden of showing that this evidence is inaccessible or inconvenient to the forum."

8

Id. at 1309.

The district court abused its discretion in two ways. First, the order of the district court is devoid of any analysis of the relative advantages and disadvantages of the two fora. See id. at 1308; see also SME Racks v. Sistemas Mecanicos Para Electronica, 382 F.3d 1097, 1100 (11th Cir. 2004). The district court mentioned the deference owed to the plaintiff's choice of forum, but then considered only the advantages of a Nicaraguan forum. The district court failed to explain any relative advantages or disadvantages of an American forum.

Second, the district court failed to obtain adequate support from an evidentiary record. The district court speculated that the "fundamental issue" in this breach of contract action is whether Gertrude "has received marketable title over Nicaraguan real estate under Nicaraguan law," but the record is devoid of any evidence about that issue. Gertrude has not identified a witness who disputes the validity of the titles and deeds in her possession.

Maria also argues that the district court abused its discretion when it granted the motion to dismiss without first holding an evidentiary hearing regarding the validity of Gertrude's signature on a declaration in support of her motion to dismiss. We disagree. Gertrude submitted a supplemental affidavit attesting to the validity of her signature.

We do not decide whether it would be more convenient to try this action in Nicaragua or the United States. As in La Seguridad, "[o]n the fragmentary record before us, it is impossible to make a sound determination of relative convenience." 707 F.2d at 1308. Instead, we vacate the order and remand for further development of the facts and issues. The district court may well conclude that the private and public interest factors weigh in favor of trying the action in Nicaragua, but the district court "must weigh the advantages of the United States forum in the balance" and "consider the prejudice and inconvenience suffered by [Maria] if [she] is relegated to [Nicaragua] for resolution of [her] claim." Id. at 1310.

**VACATED AND REMANDED.**