[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14965
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00154-CV-TWT-1

PAULA JOHNSON,

Plaintiff-Appellant,

versus

AMERICAN SECURITY INSURANCE
COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 17, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Paula Johnson, proceeding pro se, appeals the court's denial of her motions

for the judge's recusal, reasonable modifications under the Americans with

Disability Act ("ADA"), and reconsideration of the denial of those motions, filed following entry of a final judgment for the defendant. On appeal, Johnson argues that the district court abused its discretion in denying those motions. After thorough review, we affirm.[1]

We review the denial of post-judgment motions for abuse of discretion. Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000). Similarly, the denial of a motion for recusal and a ruling on a motion to dismiss without an evidentiary hearing are reviewed for abuse of discretion. United States v. Amedeo, 487 F.3d 823, 828 (11th Cir. 2007) (recusal); Sunseri v. Macro Cellular Partners, 412 F.3d 1247, 1250 (11th Cir. 2005) (dismissal without evidentiary hearing). Finally, the denial of a Rule 60(b) motion is reviewed for abuse of discretion. Crapp v. City of Miami Beach, 242 F.3d 1017, 1019 (11th Cir. 2001). The scope of an appeal of a ruling on a Rule 60(b) motion is "narrow," see Am. Bankers Ins. Co. of Fla. v. Northwestern Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999), and the district court has broad discretion in ruling on a Rule 60(b) motion, see Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006). The appeal addresses "only the propriety of the denial or grant of [Rule 60(b)] relief"

---

[1] We also note that due to the timing of Johnson's notice of appeal, and consistent with this Court's November 23, 2009, order, we only have jurisdiction over the district court's denial of Johnson's post-judgment motions, and not the dismissal of her complaint.

2

and "does not raise issues in the underlying judgment for review." Am. Bankers Ins. Co. of Fla., 198 F.3d at 1338.

First, we reject Johnson's claim that the district court abused its discretion in denying her motions for recusal. Pursuant to 28 U.S.C. § 455(a), a federal judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Under § 455(a), recusal is appropriate only if an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Amedeo, 487 F.3d at 828 (quotations omitted). To disqualify a judge under § 455, the bias "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." United States v. Bailey, 175 F.3d 966, 968 (11th Cir. 1999) (quotations omitted). "[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt." Byrne v. Nezhat, 261 F.3d 1075, 1103 (11th Cir. 2001).

Regulations issued pursuant to the ADA provide that "no qualified individual with a disability shall, because a public entity's facilities are inaccessible to or unusable by individuals with disabilities, be excluded from participation in, or be denied the benefits of the services, programs, or activities of

a public entity, or be subjected to discrimination by any public entity." 28 C.F.R. § 35.149. A public entity must make its services, programs, or activities "readily accessible" to disabled individuals, including accessibility to judicial services. See Tennessee v. Lane, 541 U.S. 509, 531 (2004) (holding that the ADA protects an individual's fundamental right of access to the courts, as applied under the Fourteenth Amendment); 28 C.F.R. § 35.150. The plaintiff has the burden of production that a barrier to access exists. See Gathright-Dietrich v. Atlanta Landmarks, Inc., 452 F.3d 1269, 1273 (11th Cir. 2006).

Here, the judge did not abuse his discretion in denying Johnson's motions for recusal. Johnson has not demonstrated that the judge was impartial or had a personal bias or prejudice against her. Her claims of bias were based primarily on the judge's failure to communicate with her to grant her a telephonic hearing regarding her complaint. However, this adverse ruling is insufficient to establish that the judge was impartial. See Byrne, 261 F.3d at 1103. Moreover, although not stated by the court, a hearing was unnecessary because the court already dismissed her case for failure to state a claim, and Johnson did not seek leave to amend her complaint. Because Johnson failed to show a bias stemming from an extrajudicial source, the district court did not abuse its discretion in denying the motion for judicial recusal. See Bailey, 175 F.3d at 968.

Nor do we find any merit in Johnson's claim that the district court abused its discretion in denying her motion for reasonable modifications. As the record shows, Johnson has failed to demonstrate that she was denied access to the court. In fact, Johnson was given ample opportunity to present her complaint, respond to American Security's motion to dismiss, and present post-judgment motions. The record shows that the court considered all of these arguments. Accordingly, she has not shown that she was denied access to the court based on her disability.

We likewise are unpersuaded by Johnson's claim that the district court abused its discretion in denying her motion for reconsideration. A motion for reconsideration of a final judgment not filed within ten days of that judgment -- like the one here -- is construed as a motion for relief from judgment pursuant to Rule 60(b). Mahone v. Ray, 326 F.3d 1176, 1178 n.1 (11th Cir. 2003). Rule 60(b) provides that the district court may relieve a party from a final judgment or order based on, among other things, mistake, inadvertence, surprise, or excusable neglect; fraud, misrepresentation, or misconduct by an opposing party; the judgement is void; or "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(1), (3), (4), (6).

We have observed that relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional

5

circumstances." Crapp, 242 F.3d at 1020. A motion pursuant to Rule 60(b)(6) must demonstrate "that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." Toole, 235 F.3d at 1317 (quotation marks omitted). We will not reverse a district court's denial of a Rule 60(b)(6) motion on appeal unless the appellant demonstrates that the district court was required to grant relief. Cano, 435 F.3d at 1342.

As explained above, the district court did not abuse its discretion in denying Johnson's motion for recusal or her motion for reasonable modifications. Because Johnson failed to show that the district court erred in denying these motions, she falls short of demonstrating anything "exceptional" that would warrant relief under Rule 60(b)(6). See Crapp, 242 F.3d at 1020. Accordingly, we affirm.

**AFFIRMED.**