[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16140
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 25, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-01976-CV-T-30-TGW

PAUL LEON WARE,

Plaintiff-Appellant,

versus

POLK COUNTY BOARD OF COUNTY COMMISSIONERS,
County of Polk, Florida,
DAVID KEARNS,
Polk County Officer/Employee,
KEVIN MCCULLOUGH,
Polk County Officer/Employee,
RANDY M. MINK,
Assistant Polk County Attorney,
STATE OF FLORIDA,
as respondent Superior of Circuit
Judge Charles B. Curry,
CHARLES B. CURRY,
Circuit Judge,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Florida
_____
(August 25, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Paul Leon Ware, proceeding *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 action based on lack of jurisdiction under the *Rooker-Feldman* doctrine. After review, we discern no error and affirm.

Ware, also proceeding *pro se* before the district court, brought this 42 U.S.C. § 1983 action against the following defendants: 1) Polk County Board of County Commissioners ("the Board"); 2) David Kearns, a Polk County employee; 3) Kevin McCollough, a Polk County employee; 4) Randy M. Mink, Assistant Polk County Attorney; 5) the State of Florida; and 6) Judge Charles B. Curry, a judge on Florida's Tenth Judicial Circuit Court (collectively "Defendants"). Ware alleged that the Board, Kearns, McCollough, and Mink (collectively "Polk County agents") violated his constitutional rights when they imposed a fine on him for failing to obtain the necessary building permit before building on his property, placed a lien on his property for failing to pay the fine, and then filed a state court lawsuit to foreclose on his property. Ware further alleged that Judge Curry

violated his constitutional rights by dismissing his state court counterclaim against the Polk County agents, which was filed in the state court lawsuit to foreclose on Ware's property.[1] Ware also alleged that the state of Florida was liable under a theory of *respondeat superior* for the actions of Judge Curry. The district court dismissed Ware's complaint, concluding that it lacked jurisdiction over the complaint under the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

On appeal, Ware argues that: (1) the district court erred in finding that the *Rooker-Feldman* doctrine barred it from exercising jurisdiction over his claims and (2) the court erred by not holding a hearing to determine whether the state court had jurisdiction to hear the underlying state court action before dismissing Ware's instant federal complaint.

A district court's determination that it lacks subject matter jurisdiction over a plaintiff's claims in light of the *Rooker-Feldman* doctrine is reviewed *de novo*. *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009). The *Rooker-Feldman* doctrine generally "recognizes that federal district courts do not have jurisdiction to act as appellate courts and precludes them from reviewing final state court

---

[1] In Ware's state court counterclaim, he alleged the same constitutional violations, relating to the lien and foreclosure on his property, that he alleges in the instant § 1983 action.

3

decisions." *Green v. Jefferson County Comm'n*, 563 F.3d 1243, 1249 (11th Cir. 2009), *cert. denied*, 130 S. Ct. 199 (2009). The Supreme Court has held that the *Rooker-Feldman* doctrine is confined to cases that are "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22, 161 L. Ed. 2d 454 (2005). "The doctrine applies both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). "A claim is inextricably intertwined if it would effectively nullify the state court judgment or it succeeds only to the extent that the state court wrongly decided the issues." *Id.* (internal quotation marks and citations omitted). Ware's claims fall squarely within that description. Ware lost in state court. His § 1983 claims effectively ask the district court to review and reject the state court's judgment. And his federal claims are either the same as those raised in his counterclaims in state court or otherwise inextricably intertwined with the state court judgment because they focus on the legality of the lien that was litigated in state court.

The only remaining question is whether the state-court judgment was

4

rendered before proceedings in the district court commenced. We have interpreted *Exxon Mobil* to apply the *Rooker-Feldman* doctrine only to instances where the state court proceedings have ended at the time the federal action is filed. *Nicholson*, 558 F.3d at 1277. "[S]tate proceedings have not ended for purposes of *Rooker-Feldman* when an appeal from the state court judgment remains pending at the time the plaintiff commences the federal court action that complains of injuries caused by the state court judgment and invites review and rejection of that judgment." *Id.* at 1279. Here, the defendants attached several exhibits to their motion to dismiss related to the disposition of the state court proceedings. A district court "generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005). However, a court "may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Id.* at 1276. Because the documents attached to the motion to dismiss are central to Ware's claim and undisputed, the district court properly considered them on a motion to dismiss. The exhibits establish that the claims in the state trial court had proceeded to final judgment. The exhibits also establish that Ware had no intention of appealing the judgment to a state appellate

court, preferring instead "to go straight to federal" court. Because no appeal remained pending at the time Ware commenced this federal action, the state proceedings were ended for purposes of the *Rooker-Feldman* doctrine.

Ware also argues that the *Rooker-Feldman* doctrine should not apply because the state court lacked jurisdiction and its judgment was void *ab initio*. We have not yet recognized an exception to the *Rooker-Feldman* doctrine in cases where the state court that issued the underlying state court judgment lacked jurisdiction. *Casale*, 558 F.3d at 1261 n.3. This case is not the proper occasion to answer that question because the state court had jurisdiction to issue its judgment. In Florida, state circuit courts have exclusive jurisdiction over all equitable actions, including those to foreclose a lien. *See* Fla. Stat. § 26.012(2)(c); *Corbin Well Pump & Supply, Inc. v. Koon*, 482 So. 2d 525, 527 (Fla. 5th DCA 1986).

Because the underlying state court proceedings had ended, and Ware was complaining of injuries caused by state court judgments and seeking the district court to review and reject those judgments, the district court did not err in concluding that, under the *Rooker-Feldman* doctrine, it lacked subject matter jurisdiction to consider Ware's claims.

Next, Ware argues that the district court erred by not holding a hearing to determine whether the state court had jurisdiction to hear his underlying state court

claim before dismissing his federal complaint. We review a district court's decision to rule on a motion to dismiss without an evidentiary hearing for an abuse of discretion. *Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1250 (11th Cir. 2005). It is not an abuse of discretion for a court to decide a motion to dismiss for want of jurisdiction based on documentary evidence and without an evidentiary hearing if neither party makes a timely and unequivocal request for an evidentiary hearing. *Id.* at 1251. The district court did not abuse its discretion by dismissing Ware's complaint without holding a hearing because neither party requested that the district court hold a hearing, and the court could determine whether it had jurisdiction over Ware's federal claims based on the complaint, the motion to dismiss, and the exhibits attached to the motion to dismiss.

After carefully reviewing the record and considering the parties' briefs, we affirm the district court's dismissal of Ware's civil action.[2]

**AFFIRMED.**[3]

---

[2]    The parties' requests for oral argument are DENIED.

[3]    Appellees' motion for damages and costs pursuant to Fed. R. App. P. 38 is DENIED.