[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14042
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00108-GKS-TBS-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATHALIE ZUANETTI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 2, 2016)

Before TJOFLAT, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Nathalie Zuanetti appeals the district court's denial of the Government's post-sentencing motion, filed under Fed. R. Crim. P. 35(b), to reduce Zuanetti's sentence for conspiracy to possess with intent to distribute methylone. Zuanetti contends (1) the district court was bound by the Government's determination that she had rendered substantial assistance by testifying against a co-defendant, (2) erred by determining that Zuanetti's assistance was not substantial because the co-defendant was acquitted, and (3) erred by failing to hold an evidentiary hearing.[1]  After review,[2] we affirm.

The district court did not misapply Rule 35(b) or otherwise violate the law in denying the Government's motion to reduce Zuanetti's sentence. Zuanetti's plea agreement granted the Government the authority to determine whether Zuanetti provided substantial assistance so as to merit making a Rule 35(b) motion. It did not give the Government the discretion to decide whether to *grant relief* under

---

[1] We do not consider Zuanetti's argument that the district court should have held an evidentiary hearing on the issue of her assistance, because, unlike the parties in *United States v. Yesil*, 991 F.2d 1527 (11th Cir. 1992), neither Zuanetti nor the Government requested an evidentiary hearing before the district court. *See Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1250 (11th Cir. 2005) ("[C]ourts will turn a deaf ear to protests that an evidentiary hearing should have been convened but was not, where the protestor did not seasonably request such a hearing in lower court." (quotation marks and alteration omitted)).

[2] We review a district court's ruling on a Rule 35(b) motion as an "otherwise final sentence" under 18 U.S.C. § 3742, which limits review to certain claims. *United States v. Manella*, 86 F.3d 201, 202–03 (11th Cir. 1996). "A district court's decision to grant or deny a Rule 35(b) motion is a discretionary one from which an appeal generally will not lie under § 3742." *Id.* at 203. A defendant may appeal the district court's denial of a Rule 35(b) motion, however, if the defendant's claim is that the district court misapplied Rule 35(b) and therefore imposed a sentence in violation of law. *See id.* In such a case, we review *de novo* the district court's application of Rule 35(b). *Id.*

Rule 35(b), which discretion rests solely with the district court.  *See Murphy v. United States*, 634 F.3d 1303, 1313 (11th Cir. 2011); *Manella*, 86 F.3d at 204 n.6.

Furthermore, the district court correctly applied Rule 35(b) by considering for itself whether Zuanetti had rendered substantial assistance meriting a reduction in her sentence.  *See* Fed. R. Crim. P. 35(b)(3) ("In evaluating whether the defendant has provided substantial assistance, *the court* may consider the defendant's presentence assistance." (emphasis supplied)).  We may not review the district court's conclusion on the merits of that question.  *See Manella*, 86 F.3d at 203 (noting that a challenge to "the merits of the district court's Rule 35(b) determination" is unreviewable).

**AFFIRMED.**