[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12183
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-02935-JDW-TBM


CELESTE L. GUICE,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF LABOR,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 25, 2018)

Before WILSON, NEWSOM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Celeste Guice is a Group Leader Mail Handler with the United States Postal

Service.  Pursuant to the Federal Employees' Compensation Act, 5 U.S.C. § 8101

*et seq.* ("FECA"), she filed a complaint in federal court against the Secretary of the Department of Labor challenging administrative decisions leading to the denial of her claim for workers' compensation benefits.  Guice, who is proceeding *pro se*, now appeals the district court's orders dismissing her amended complaint and denying her motion to vacate all orders entered by the district court after August 8, 2016.  First, Guice argues that the district court had subject matter jurisdiction over her FECA claim because she colorably alleged a constitutional violation.  Second, she contends that the district court abused its discretion when it entered orders after August 8, 2016, the date the Department's answer to the amended complaint was due.  Third, she asserts that the district court abused its discretion when it dismissed her amended complaint without a hearing.  Finding no reversible error, we affirm.

## I

Whether a district court has subject matter jurisdiction to decide a case is a question of law to be reviewed *de novo*.  *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1242 (11th Cir. 2007).

FECA is a federal employee's exclusive remedy against the federal government for job-related injuries.  *Noble v. United States*, 216 F.3d 1229, 1234 (11th Cir. 2000).  Under FECA, a federal employee is guaranteed the right "to receive immediate, fixed benefits, regardless of fault and without need for

2

litigation, but in return [she] lose[s] the right to sue the Government." *Id.* (quoting *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983)). Instead of pursuing claims through the courts, the employee must appeal any adverse decision of the Office of Workers' Compensation Programs administratively to the Employees' Compensation Appeals Board in the Department of Labor. A federal court retains jurisdiction, however, to review a claim that the government violated a clear statutory mandate or constitutional right. *Woodruff v. U.S. Dep't of Labor*, 954 F.2d 634, 639 (11th Cir. 1992).

Guice contends that because the Department administratively consolidated her similar occupational injury/disease claims she was deprived of a "full and fair adjudication" in violation of her constitutional right to due process. The central tenet of due process is that a person may not be deprived of life, liberty, or property without notice and the opportunity for a hearing appropriate to the nature of the case. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). In making her due process claim, however, Guice does not allege that the Department failed to give her notice or an opportunity to be heard on the substance of her worker's compensation claim.[1] A consolidation of claims is not in and of itself a

---

[1] Guice perfunctorily alleges that her right to "[r]easonable [n]otice and the [o]pportunity to [be h]eard" was violated, but she points to no process failure or lack of hearing. Even with the latitude afforded *pro se* plaintiffs, a bare allegation such as this fails to establish a claim. *See Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015) ("A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney; a *pro se* pleading is liberally construed. Even so, a *pro se* pleading must suggest (even if inartfully) that there is at least some

constitutional violation—it is merely an administrative procedure.  Without claiming (beyond the consolidation) that she was not "heard at a meaningful time and in a meaningful manner," Guice fails to establish a constitutional or statutory violation.  *See Matthews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotations omitted).

## II

Guice next argues—in various ways—that the district court should not have entered orders after the due date for the Department's answer to her amended complaint had passed.

We review a district court's decisions about how to manage its docket for abuse of discretion.  *Young v. City of Palm Bay*, 358 F.3d 859, 863–64 (11th Cir. 2004).  A district court has unquestionable authority to control its own docket and broad discretion in deciding how best to manage the cases before it, *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014), but it must dismiss an action as soon as it determines that it lacks subject matter jurisdiction.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

First, Guice contends that the district court lost jurisdiction when the Department filed a motion to dismiss under Rule 12(b)(1) rather than an answer.

---

factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis.") (citations omitted).

4

That is incorrect.  Pursuant to Federal Rule of Civil Procedure 12(a)(2), a United States agency must serve a response to a complaint within 60 days of service.  In lieu of filing an answer, a defendant may file a motion asserting that the court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  Only if the court denies that motion is the defendant then required to file an answer.  *See* Fed. R. Civ. P. 12(a)(4)(A).  Moreover, and in any event, the Federal Rules of Civil Procedure neither confer nor deny subject matter jurisdiction; rather, subject matter jurisdiction is created exclusively by statute.  *See generally* 28 U.S.C. §§ 1331, 1332; Fed. R. Civ. P. 1 *et seq.* (establishing that the purpose of the Federal Rules is "to secure the just, speedy, and inexpensive determination of every action and proceeding").

Second, Guice claims that the district court was required to place the Department in default, pursuant to Rule 55(a), for not filing an answer to her amended complaint.  A default judgment may be entered against the United States only when a plaintiff "establishes a claim or right to relief by evidence that satisfies the court."  Fed. R. Civ. P. 55(d).  But Guice did not show evidence of procedural default; rather, as we have already concluded, the Department's Rule 12 jurisdictional motion was filed in compliance with the Rules.

Third, contrary to Guice's contention, it was not an abuse of discretion for the district court to deny Guice's motions after August 8, 2016, the date the

Department's answer to the amended complaint was due—or, for that matter, after October 20, 2016, the date that the district court entered the order dismissing the case for lack of jurisdiction. Even after dismissing the case, the district court had the inherent authority to dispose of the numerous motions filed by Guice so that the court could administratively close the case. *See Smith*, 750 F.3d at 1262.

Fourth, and again contrary to Guice's contention, the district court was under no compulsion to state the basis of subject matter jurisdiction in each order it issued in relation to Guice's case. Not only did the court not reach the merits in any of these orders, but district courts are not required to reiterate that they have subject matter jurisdiction each time they rule on a motion. The two cases that Guice cites—*Elliott v. Peirsol's Lessee*, 26 U.S. 328 (1828), and *Vallely v. Northern Fire & Marine Insurance. Co.*, 254 U.S. 348 (1920)—hold that courts may not act beyond the authority delegated to them, but neither requires a district court to explicitly establish its subject matter jurisdiction each time it rules in a case.

Finally, the district court was not divested of jurisdiction to enter orders after August 8, 2016 simply because the Department filed a motion to dismiss, rather than an answer, to the amended complaint. As already explained, a motion to dismiss is an acceptable response to an amended complaint and complies with Rule 12(b)(1).

### III

We review Guice's final claim—pertaining to the district court's decision to rule on a motion to dismiss without an evidentiary hearing—for abuse of discretion. *Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1250 (11th Cir. 2005). Generally, we will not disturb a district court's decision to dismiss without a hearing when the plaintiff did not request such a hearing. *Id.*

The district court did not abuse its discretion when it dismissed Guice's amended complaint without a hearing. Guice had notice of the Department's motion to dismiss, and she also had an opportunity to respond. Moreover, Guice did not request a hearing on the motion to dismiss. The district court therefore did not deprive Guice of due process.

**AFFIRMED**.