[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-12929

Non-Argument Calendar

_____

CARLTON SMITH,

Plaintiff-Appellant,

*versus*

ATTORNEY GENERAL, STATE OF GEORGIA,
JOHN TURNER,
Superior Court Judge, Bullock County,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

2                    Opinion of the Court                    24-12929

D.C. Docket No. 1:22-cv-01233-CAP

————————————

Before JORDAN, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Carlton Smith, a Georgia prisoner proceeding *pro se*, appeals the dismissal of his amended complaint against a Georgia Superior Court Judge and the Georgia Attorney General under 42 U.S.C. § 1983. He alleged that both parties were liable for a deprivation of his due process rights after his sixth petition for state habeas relief was denied. His case was referred to a magistrate judge who reviewed his complaint and recommended the district court dismiss it for failure to state a claim. The district court agreed and adopted the magistrate judge's recommendation. Carlton challenges that decision, alleging the district court erred by applying the wrong legal standard in assessing his claims and that it erred in allowing the magistrate judge to provide the report and recommendation.

After careful review, we find no error in the district court's order adopting the magistrate judge's recommendations. Accordingly, we affirm.

24-12929                Opinion of the Court                3

## I.    Factual Background

In March 2022, Smith filed a *pro se* civil rights complaint (which he later amended) pursuant to 42 U.S.C. § 1983.[1]  In his operative complaint, he named as defendants: Georgia's Attorney General, Christopher Carr, and a Superior Court Judge in Bulloch County, John R. Turner.

The complaint alleged that Attorney General Carr and Judge Turner violated Smith's procedural due process rights during his sixth state habeas corpus proceeding.  Specifically, Smith alleged that "Carr violated plaintiff's procedural due process rights by failing to submit a statutory mandated return" and "fail[ing] to produce and submit the trial transcripts, mandated by statute to support his contention that plaintiff's detention is lawful."  The complaint then alleged that "Turner failed to require the production and submission of the trial transcript, as required by statute" and  "denied the plaintiff's statutory entitlement to attack a 'void' judgment at any time."  Finally, the complaint alleged that the Georgia "remedy process was so inadequate that it failed to remedy the deprivations suffered."  Based on these allegations,

---

[1] The district court dismissed Smith's original complaint, in part, as untimely. On appeal, we reversed and remanded, though we clarified that "[w]e express[ed] no opinion on the merits of Smith's claims." *Smith v. Att'y Gen.*, No. 22-12950, 2023 WL 2592286, at *4 (11th Cir. Mar. 22, 2023) ("Furthermore, the district court is free on remand to consider other issues aside from timeliness of the claims, including whether other grounds exist that warrant dismissal of the complaint for the district court to consider").

Smith requested that "Carr and Turner be held liable for the Procedural Due Process violations" and for the court to issue injunctive relief requiring Georgia to conduct habeas hearings in accordance with federal law.  The defendants moved to dismiss, arguing, among other grounds, that Smith had failed to state a claim.

The district court referred the motion to dismiss to a magistrate judge.  The magistrate judge issued a report and recommendation ("R&R") recommending that the motion be granted.  The magistrate judge concluded that the complaint was timely but found that Smith failed to state a claim for relief because he did not establish either a "deprivation by state action of a protected interest in life, liberty, or property" or "inadequate state process," both necessary elements to state a procedural due process claim.

First, the magistrate judge found that the defendants did not deprive Smith of a life, liberty, or property interest during the hearing on Smith's sixth state habeas petition because he was not entitled to *de novo* review of his *Batson* claim[2] under Georgia law. The magistrate judge explained that while Georgia had created a right to state habeas, Georgia law generally required a petitioner to

---

[2] Smith's state habeas petition raised a claim under *Batson v. Kentucky*, 476 U.S. 79 (1986), which established that peremptory challenges to jurors on the basis of race or ethnicity are unconstitutional.  In other words, Smith's state court habeas petition alleged that his conviction should be vacated because the prosecutors used their peremptory challenges to exclude jurors on the basis of race.

raise all claims in a single filing. *See* O.C.G.A. § 9-14-51. The magistrate judge recognized that the statute allowed for consideration of grounds for relief that could not have been reasonably presented in the initial or amended petition. But the magistrate judge found that Smith's *Batson* claim "was not a new issue," as he had raised it previously in his direct appeal from his conviction and in his 2007 state post-conviction proceedings.

Second, the magistrate recommended rejecting Smith's contention that his *Batson* claim was permissible because Georgia law allows him to attack a void judgment at any time under O.C.G.A. § 17-9-4[3] because the Georgia Supreme Court had held, in *Harper v. State,* 686 S.E.2d 786 (Ga. 2009), that O.C.G.A. § 17-9-4 did not provide a remedy in a criminal case.

Finally, the magistrate judge found that, even if a procedural deprivation had occurred during the hearing, the State of Georgia had provided adequate processes to remedy the deprivation. It found that Georgia's processes allowed "for a writ of mandamus" and permitted "Smith to pursue an appeal of the denial of his sixth state habeas petition by filing an application for a certificate of probable cause to appeal."

Accordingly, the magistrate judge recommended that the defendants' motion to dismiss be granted, and that Smith's

---

[3] Under Georgia law, "[t]he judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." O.C.G.A. § 17-9-4.

6                          Opinion of the Court                      24-12929

amended complaint be dismissed with prejudice. Smith timely objected.

The district court overruled Smith's objections to the R&R and adopted the R&R as the order and opinion of the court. Smith timely appealed.

## II.    Discussion

On appeal, Smith argues that the district court erred in three ways: 1) by failing to accept the factual allegations of the complaint as true and applying the wrong legal standards when dismissing his complaint, 2) by failing to recognize his procedural right to attack a void judgment at any time under Georgia law, and 3) by sending the case to a magistrate judge in the first instance. None of Smith's arguments have merit.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "does not need detailed factual allegations," but a plaintiff must provide more than "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Importantly, we must accept the allegations as true. *Id.* at 555-56. However, the complaint must still include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

We review dismissal for failure to state a claim *de novo*. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

Turning to Smith's arguments that he did in fact assert a plausible, legally cognizable claim, he first argues that the district

court erred by applying the wrong legal standard in dismissing his complaint under Fed. R. Civ. Pro 12(b)(6). He bases this argument on the district court's allegedly improper consideration of his prior habeas claims, Georgia statutory law, and its refusal to accept his allegation that his judgment of conviction in the state court was void. He claims consideration of materials outside the four corners of the complaint proves the district court failed to accept his allegations as true as required at the motion to dismiss stage.

The problem with Smith's argument is that it confuses what a district court must accept as true at the motion to dismiss stage. When ruling on a motion to dismiss, courts are required to accept factual allegations as true, not legal conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Further, a district court may take judicial notice of relevant law and any other legal proceedings related to the parties before it, even if those materials are not mentioned on the face of the complaint. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (noting that "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

The district court therefore did not err by considering Georgia law and Smith's past habeas cases, nor in refusing to accept Smith's legal conclusion that his state judgment of conviction was

void. The magistrate judge's R&R contained a thorough summary of the relevant factual allegations in Smith's complaint—without calling them into question—which showed that she accepted Smith's factual allegations as true before making her findings. *Twombly*, 550 U.S. at 555–56. Smith's argument that the district court could not consider the defendants' attachments of his prior habeas cases to their 12(b)(6) motion also lacks merit, as the court was free to take judicial notice of state court documents when ruling on a motion dismiss. *Bryant*, 187 F.3d at 1278, 1280 & nn.10, 15. So no error occurred here.

Second, Smith takes issue with the magistrate judge's conclusion that he failed to state a procedural due process claim because he failed to show that the defendants deprived him of life, liberty, or property during his state habeas proceedings. Smith argues that this conclusion was erroneous because the magistrate judge failed to acknowledge that he had a state-created liberty interest under Georgia law in attacking his conviction as a void judgment at any time.

This argument also lacks merit. Even if we accept as true Smith's argument that Georgia has created a liberty interest in attacking his judgment as void at any time, he has failed to either allege or argue that Georgia's process is inadequate, as required to state a procedural due process claim. One of the required elements for sustaining a procedural due process claim is an allegation that there was a "deprivation by state action of a protected interest in life, liberty, or property." *Reed v. Goertz*, 598 U.S. 230, 236 (2023).

"Importantly, . . . a procedural due process claim is not complete when the deprivation occurs. Rather, the claim is complete only when the State fails to provide due process" to remedy the procedural deprivation. *Id.* (quotations and citation omitted). Further, as the magistrate judge pointed out, Smith was allowed to file a mandamus petition and pursue an appeal from his sixth habeas petition by seeking a certificate of probable cause, both state remedies we have identified as adequate. *See Cotton v. Jackson*, 216 F.3d 1328, 1331–33 (11th Cir. 2000). Thus, by failing to allege or argue the certiorari and mandamus processes were either not followed or otherwise inadequate in his case, Smith has not adequately alleged a due process violation.

Finally, Smith argues that the magistrate judge's issuance of an R&R on the defendant's motion to dismiss, without written designation by the district court, his consent, or an evidentiary hearing, violated 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).[4] We again disagree.

---

[4] In full, Rule 72(b) states

(1) *Findings and Recommendations.* A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement. A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact. The clerk

We review challenges to a magistrate judge's authority de novo. *PB Legacy, Inc. v. Am. Mariculture, Inc.*, 104 F.4th 1258, 1262 (11th Cir. 2024). The powers of magistrate judges are set forth in 28 U.S.C. § 636. Under § 636(b)(1)(A), a district court "may designate a magistrate judge to hear and determine any pretrial matter," unless the matter concerns a "dispositive motion" such as a motion to dismiss. 28 U.S.C. § 636(b)(1)(A). Magistrate judges may only determine a "dispositive motion" with consent of the parties. *Id.*

Magistrate judges, however, may conduct hearings and submit to the district court proposed findings of fact and recommendations on, among other things, a motion to dismiss for

must immediately serve a copy on each party as provided in Rule 5(b).

(2) *Objections.* Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy. Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient.

(3) *Resolving Objections.* The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

24-12929              Opinion of the Court                    11

failure to state a claim. *See id.* § 636(b)(1)(B). Thus, the Supreme Court has emphasized that, even though a magistrate judge is not an Article III judge, "a district court may refer dispositive motions to a magistrate for a recommendation so long as the entire process takes place under the district court's total control and jurisdiction," and the district court judge "exercises the ultimate authority to issue an appropriate order." *Thomas v. Arn*, 474 U.S. 140, 153 (1985) (alteration adopted) (quotations omitted).

That process is exactly what happened in Smith's case. The district court therefore did not err in designating the magistrate judge to review the defendants' motion to dismiss and make a recommendation for the disposition of the case. 28 U.S.C. § 636(b)(1)(A), (B). The district court retained ultimate control and jurisdiction over the case, it exercised final authority to issue the appropriate dispositive order as to the R&R, and the magistrate judge did not order the entry of judgment in the case. *See* 28 U.S.C. § 636(c)(1), *Thomas*, 474 U.S. at 153. Accordingly, Smith's consent was not required.[5]

---

[5] Insofar as Smith's brief can be read to independently argue the district court abused its discretion in failing to hold an evidentiary hearing, this argument also fails. A motion to dismiss for failure to state a claim "always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true," and there is therefore no evidence to be evaluated at an evidentiary hearing. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir.1997). Further, where, as here, Smith failed to ask for an evidentiary hearing, he is generally not entitled to one. *See Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1250 (11th Cir. 2005).

### III.    Conclusion

The district court did not err in its application of the Rule 12(b)(6) legal standards nor in referring the case to the magistrate judge.    The district court's dismissal of Smith's complaint is affirmed.[6]

**AFFIRMED.**

---

[6] Smith also filed motions for oral argument, for leave to file a supplemental brief, and for an order to prevent retaliation and obstruction by the defendant. These motions are DENIED.